UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAWSON WAYNE KURER,

           Plaintiff,

         v.                              Case No. 25-cv-0644-bbc

SGT. RAINEY,
ERIN WHALEN and
WARDEN JOHNSON,

           Defendants.

---

## SCREENING ORDER

---

    Plaintiff Dawson Wayne Kurer, who is currently serving a state prison sentence at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 30, 2025, the Court screened the complaint and after concluding it failed to state a claim upon which relief could be granted gave Kurer the opportunity to file an amended complaint, which he did on June 30, 2025. This decision screens the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

    As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal

Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Kurer, on January 15, 2024, Sgt. Rainey approached him in the dayroom and told him "You do to[o] much." Kurer told her he did not know what she was talking about, after which she allegedly began to call him names and make other harassing comments. Kurer asserts that he returned to his cell and was standing in the doorway when she kicked his door shut, catching his toes under the door. He states the skin was scraped off and about three weeks later he got an x-ray because his toes continued to hurt. Kurer alleges that Sgt. Rainey also made disparaging comments about him to and in front of other inmates. He states that he started seeing psychological services staff to help him cope with the stress. Kurer believes that Sgt. Rainey targeted him because he had recently filed a complaint. Kurer asserts that he asked Unit Manager Erin Whalen and Warden Johnson to address Sgt. Rainey's misconduct but neither of them did anything. Dkt. No. 10.

## ANALYSIS

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "In cases involving the claimed use of excessive force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (cleaned up). While a plaintiff does not have to demonstrate a

2

Case 1:25-cv-00644-BBC  Filed 07/16/25  Page 2 of 4  Document 11

significant injury to state an excessive force claim, "a claim ordinarily cannot be predicated on a *de minimis* use of force." *Id.* at 737-38 (quoting *DeWalt*, 224 F.3d at 620)). That is because "not every malevolent touch by a prison guard gives rise to a federal cause of action, even if the use of force in question may later seem unnecessary in the peace of the judge's chambers." *Id.* at 838 (citations omitted). Kurer may proceed on an excessive force claim against Sgt. Rainey based on allegations that she kicked his cell door shut while he was standing in the doorway, causing injury to his toes.

Kurer may also proceed on a retaliation claim against Sgt. Rainey based on allegations that she began to harass him shortly after he filed a complaint. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (holding that to plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action."). Finally, Kurer states a claim against Whalen and Johnson based on allegations that they refused to address Kurer's complaints about Sgt. Rainey's retaliatory harassment. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (holding that a supervisor will be held liable for a subordinate's misconduct if the supervisor directs, consents to, or turns a blind eye to the misconduct).

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Kurer's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Rainey, Erin Whalen, and Warden Johnson.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Rainey, Erin Whalen, and Warden

3

Johnson shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin on July 16, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge