DAWSON WAYNE KURER,

        Plaintiff,

        v.                                Case No. 25-cv-0644-bbc

KERRIE RAINEY et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Dawson Wayne Kurer, an inmate at the Wisconsin Secure Program Facility, is representing himself in this 42 U.S.C. §1983 action. Kurer is proceeding on excessive force and retaliation claims against Defendant Kerrie Rainey and a failure-to-intervene claim against Defendants Erin Whelan Robinson and Steven Johnson. On December 12, 2025, Defendants moved for partial summary judgment on the ground that Kurer did not exhaust the administrative remedies on his retaliation and failure-to-intervene claims. Dkt. No. 19. For the reasons explained below, the Court will grant the motion and dismiss those claims without prejudice.

## BACKGROUND

On January 17, 2024, Kurer submitted an inmate complaint in which he identified the one issue as follows: "Sgt. Rainey kicked my cell door shut on my left foot causing it to bleed." In the section of the form asking him to identify the person with whom he had attempted to resolve his one issue, he referenced an attached interview/information request form, which he asked to be returned to him. Finally, in the section of the form in which he was to describe the details surrounding the inmate complaint, Kurer stated:

> Sgt. Rainey came to my cell at the end of the day to tell me "You do too much."
> When I asked her how, she replied by calling me a "smart ass." I told her not to

disrespect me and call me names for I am not being disrespectful or name calling her.  She told me to lock in.  As I was shutting my cell door, she walked pas[t] and kicked it very hard shut.  Slamming it on my left foot causing the gap at the bottom of the door to rip the skin off two of my toes.  Making them bleed. I was seen by HSU.  The nurse cleaned and dressed my wounds.  It still hurts to apply pressure on my toes when I walk.

Dkt. No. 22-2 at 12.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  All reasonable inferences are construed in favor of the nonmoving party.  *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).  The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial."  *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id*.  Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  Wisconsin has established the inmate complaint review system

2

to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Stat. §DOC 310.06(1). Although the applicable Wisconsin statutes do not require that an inmate complaint identify the perpetrator of an alleged problem or identify the potential legal claim that may later be pursued, *see Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021), the inmate complaint must "provide notice to the prison of the nature of the wrong for which redress is sought," *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020).

Kurer failed to exhaust the administrative remedies for his retaliation and failure-to-intervene claims because the only inmate complaint he filed about the underlying incident did not provide notice to the institution of those claims. As such, the prison was deprived the opportunity to investigate and address them. As noted, Kurer identified the "one issue" that he was complaining about as Rainey's alleged use of excessive force. There is no mention of her motivation for her actions or of others' failure to address her actions. Similarly, in the section in which he was to describe the details surrounding his complaint, Kurer described only Rainey's statements to him, her slamming the door on his foot, and the treatment he received afterwards. Kurer made no mention of her alleged retaliatory motive or of others' failure to address her actions.

Kurer highlights that he attached an interview/information form to the inmate complaint, in which he stated, "I feel she is targeting me for filing ICE about the incident on 12-24-23." Dkt. No. 22-2 at 11. But, importantly, Kurer references the interview/information request in response to the section on the inmate complaint form that required him to identify the person with whom he attempted to resolve the issue with and to describe the result of that attempt. He did *not* reference the interview/information request when he stated the issue of the inmate complaint or described the details surrounding that issue. In other words, the interview/information request form provided notice only of who he had contacted to try and resolve his issues, not of the particular issue he wanted addressed by the institution complaint examiner.

3

Kurer was the master of his inmate complaint.  He had the opportunity and responsibility to identify the issue that he wanted the institution complaint examiner to investigate, and he chose to limit that issue to Rainey's use of force.  Because he did so, his inmate complaint did not provide the prison with notice that he also wanted Rainey's alleged retaliatory motive and Whelan and Johnson's failure to address her actions to be investigated.  Accordingly, those claims must be dismissed without prejudice because Davis failed to exhaust the administrative remedies before he brought this lawsuit.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendant's motion for partial summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED**.  Kurer's retaliation claim against Rainey and his failure-to-intervene claim against Whelan and Johnson are **DISMISSED**.  The clerk's office is directed to terminate Whelan and Robinson from this action.  Dispositive motions on the merits of Kurer's excessive force claim against Rainey are due by **March 30, 2026**.

Dated at Green Bay, Wisconsin this 20th day of March, 2026.

s/ *Byron B. Conway*
Byron B. Conway
United States District Judge

4